**Mahado Ilmi ISSE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70742.

Agency No. A75–649–968.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2004.*

Decided Aug. 19, 2004.

Bernadette Connolly, San Jose, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). We grant the government's motion to accept its late-filed response brief.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Esq., Mary Jane Candaux, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and BEA, Circuit Judges.

ORDER AND MEMORANDUM **

Mahado Ilmi Isse, a native and citizen of Somalia, petitions for review of the Board of Immigration Appeals' ("BIA") per curiam order affirming without opinion an immigration judge's ("IJ") decision denying asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations under a substantial evidence standard. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002).

The IJ's adverse credibility determination is supported by substantial evidence. Isse's incompatible statements regarding the rape of family members, the name of a brother that had been killed, and the circumstances surrounding an attack at the family home support the IJ's credibility finding and go to the heart of Isse's asy-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lum claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Isse's challenge to BIA "streamlining" procedures is foreclosed by this Court's decision in *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003) ("[W]e conclude that it does not violate the Due Process Clause for one member of the BIA to decide an alien's administrative appeal. Nor is it a due process violation for the BIA to affirm the IJ's decision without issuing an opinion.").

PETITION FOR REVIEW DENIED.